## KELIIKANAKAOLE *vs.* KAWAA *et al.*

### APPEAL FROM THE CHANCELLOR.

### JANUARY TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

A reservation for life, by the grantor, of two houses on the land conveyed by him, is a reservation for life of the lots of land on which they stand.

The lot conveyed was described as one-third of the land: Held that the lot intended to be sold should be considered as bounded by the fence separating it from the reserved lots, as the line dividing off an actual third would cut off the edge of a house erected almost entirely upon the part unsold, and rented to tenants.

### OPINION OF THE COURT, BY AUSTIN, J.

This is a bill in equity brought to set aside a deed executed by the plaintiff of certain lands in Honolulu, upon the ground that

when he executed it he was told and believed that it was a will, which he alleges was the paper he intended to execute, and that the defendants conspired to procure said deed of the plaintiff, and that thereby he was cheated and defrauded.

The defendants deny all fraud and conspiracy.

The Chancellor, in the court below, decided in favor of the defendants, and from the decree entered thereon the plaintiff appeals to this Court.

On reading the evidence, and the paper executed by the plaintiff, which is attacked, we are convinced that the plaintiff executed it well knowing that it was a deed and not a will. It is in form of a deed ; it mentions a consideration of $1, and sets forth an agreement by defendants to support plaintiff during his life, and it reserves to the plaintiff for life two houses erected on the land conveyed. The proof is conclusive that the paper was read over to the plaintiff at the time of its execution. He had before executed a will. It is impossible to believe that he did not know that this paper was a deed.

The land conveyed is spoken of as one-third of certain land and premises. Upon " B," as specified in the plan in evidence, the houses reserved were erected. " B " is separated on the plan from " A," the part not sold, by a fence. We think " B " and " C " may be construed to be appurtenant to the houses. Doubtless, before the new street was cut, " B " and " C " were in one lot adjacent to the houses. We think the reservation of the houses may properly be construed to include as a reservation for life the lots " B " and " C."

It is said that an actual third, as conveyed, would go beyond the fence bstween " A " and " B," and would strike off the edge of a house certainly almost entirely erected on the part unsold, and which is rented to tenants by the plaintiff. The land sold is not described by metes and bounds. We think that it was not intended to strike off that edge, and that the land intended to be sold is bounded by the fence erected between " A " and " B."

*R. F. Bickerton*, for plaintiff.

*J. L. Kaulukou*, for defendant.

Honolulu, February 1, 1884.